**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20CV1734  NAB |
| | ) | |
| CO1, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of a civil complaint filed by Missouri State prisoner Joseph Michael Devon Engel, registration number 1069055. For the reasons explained below, the Court will allow plaintiff to proceed *in forma pauperis* in this action, and will assess an initial partial filing fee of $5.42. Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

At the time he filed the complaint, plaintiff neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*. However, in the complaint, he writes: "Application to Proceed in District Court without Prepaying Fees or Costs," and avers he earns only $5.00 per month. Additionally, after filing the complaint, plaintiff filed a certified copy of his inmate account statement. It is therefore apparent that plaintiff is requesting leave to proceed *in forma pauperis* because he lacks sufficient means to pay the filing fee for this action. Having considered plaintiff's statements, the Court has determined to allow him to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.* In this case, plaintiff's certified inmate account statement shows average monthly deposits of $27.10, and an average monthly balance of $8.77. Accordingly, the Court will assess an initial partial filing fee of $5.42, which is twenty percent of his average monthly balance.

## Legal Standard

According to 28 U.S.C. § 1915(e)(2)(B), this Court shall dismiss a complaint at any time if, *inter alia*, it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing or disparaging the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits, or contains disrespectful or abusive language. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court

need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

3

## The Complaint

In the complaint, plaintiff indicates he is a civilly committed detainee. However, review of publicly-available Missouri Department of Corrections ("MDOC") records shows he is actually a convicted and sentenced state prisoner. Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983. He identifies the defendants in lists that appear on different pages of the complaint. It is clear plaintiff intends to sue the MDOC, the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), and numerous State officials. It is also clear plaintiff intends to sue Corizon, and numerous employees thereof. Plaintiff identifies most of the individual defendants using generic titles such as "CO1," "Sg," "Major," Captain," "FUM," "Lt," "Corizon Doctor," "Corizon RN," and "Corizon Med Tecs." Plaintiff also identifies defendants with titles such as "Govener," "Lt Govener," "Attorney General," and "Assistant Attorney General." Plaintiff either does not indicate the capacity in which he sues the individual defendants, or states he sues them in an official capacity. Therefore, the Court interprets the complaint as asserting only official-capacity claims. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims.").

In setting forth his statement of claim, plaintiff describes suffering gastrointestinal symptoms, and writes: "Medical or DOC ERDCC refuses to help me or treat me I'm a sourvin citizn [*sic*] of Alaska I'm suing all 44 Departments separately for amount shown they pay filing fees and my lawyer fees of 20%." Plaintiff also alleges he was given medications that caused side effects. He lists the names of 12 medications, and writes: "I am suing all 12 medica[ti]ons

4

for amount shown." Next to the name of each medication, plaintiff indicates dollar amounts ranging from "100,000 Trillion Dollars" to "600,000,000 Trillion." Nowhere in the complaint does plaintiff allege that anyone was aware plaintiff required medical care, and denied such care.

Next, plaintiff describes an incident that occurred in front of a PNC Bank on an unspecified date. Plaintiff alleges one "Officer Locke" checked his blood sugar, and let him go. Plaintiff writes: "I'm sourvin citizn [*sic*] this is how I was treated I am suing each Dept for amount shown plus profits & shares & stocks I put down too."

In setting forth his prayer for relief, plaintiff lists the defendants and requests a separate amount of monetary relief from each one. Those amounts span 100 billion dollars to "10,000 Trillion" dollars. Plaintiff devotes much of the complaint to describing other forms of relief he seeks, including bit coin, stocks in numerous banks and companies, and "av[ail]able property & commercial & residential if its worth it good property."

The complaint is one of more than one hundred and thirty (130) similar complaints plaintiff has filed in this Court since September of 2020, alleging that his civil rights have been violated by the MDOC and Corizon, and defendants identified by many of the same generic titles that appear in the instant complaint. The nature of those complaints is roughly the same as the instant complaint. To date, the complaints that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2) have been dismissed for reasons articulated therein, or because plaintiff failed to comply with court orders. As of December 21, 2020, plaintiff is subject to 28 U.S.C. § 1915(g).

## Discussion

While it appears plaintiff believes he is entitled to monetary relief because he was wrongfully denied medical care, his allegations do not state a plausible Eighth Amendment

claim.[1] The Eighth Amendment requires that inmates be provided with adequate medical care. *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To establish that a denial of medical care rises to the level of an Eighth Amendment violation, an inmate must show that a defendant acted with deliberate indifference. *Id.* The test for deliberate indifference consists of two prongs. *Id.* First, an inmate must show that he "suffered from an objectively serious medical need," and second, that the defendant knew of, and deliberately disregarded, that need. *Id.* In this case, plaintiff alleges no facts tending to show that any defendant knew of, and deliberately disregarded, a serious medical need. Instead, he offers only a "[t]hreadbare recital" of some elements of a cause of action, supported by his own conclusory statements, which is insufficient to state a plausible claim for relief. *Iqbal,* 550 U.S. at 678; *see also Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Even *pro se* plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged.  *See Stone*, 364 F.3d at 914-15.

Additionally, in setting forth his claim, the only defendants plaintiff identifies with any specificity are the MDOC and the ERDCC. Such a suit is effectively a suit against the State of Missouri. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However,

---

[1] Plaintiff also appears to believe his constitutional rights were violated on an unspecified date outside of State custody, when "Officer Locke" checked his blood sugar outside a PNC Bank. However, plaintiff neither describes a valid theory of recovery, nor alleges facts from which the Court can discern a plausible claim against Officer Locke or any other person or entity.

the State of Missouri and its agencies and instrumentalities are not "persons" within the meaning of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999). Such claims would also be barred by the doctrine of sovereign immunity. "The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). *See also Egerdahl*, 72 F.3d at 618-19 ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing the plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to Eleventh Amendment immunity. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). The first exception exists "where Congress has statutorily abrogated such immunity by 'clear and unmistakable language.'" *Id.* The second exception exists where a State waives its immunity, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Id.* at 65. Neither exception applies in the instant case. The first exception is inapplicable because the Supreme Court has determined that § 1983 does not abrogate a state's Eleventh Amendment immunity from suit in federal court. *Will*, 491 U.S. at 66. The second exception is inapplicable because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. § 537.600 (explaining that sovereign immunity is in effect and providing exceptions).

Plaintiff can also be understood to seek monetary relief from numerous State officials in their official capacities. However, the Eleventh Amendment bars such claims. *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). Even if plaintiff had sued the State official defendants in an individual capacity, the complaint would fail to state a viable claim against them. Liability in a § 1983 case "requires a causal link to, and direct responsibility for, the deprivation of rights." *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). To that end, a plaintiff must allege facts connecting the defendant to the challenged conduct. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). In this case, plaintiff has not alleged these defendants did anything to violate his constitutional rights. Instead, the only specific information plaintiff provides is the amount of money he seeks from each defendant. Simply listing a person as a defendant is insufficient to establish his or her personal responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them).

Plaintiff also names Corizon as a defendant in this matter, and can be understood to seek damages from various Corizon employees in their official capacities. However, the complaint fails to state a claim against Corizon, or against any Corizon employee in an official capacity, because it points to no policy, custom, or official action by Corizon that inflicted an actionable injury. *See Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). Even if plaintiff had named Corizon employees in their individual capacities, the complaint would fail to state a viable claim against them because plaintiff has not alleged that any individual Corizon employee did or failed to do something that caused a violation of his constitutional rights. *See Mayorga,* 442 F.3d at

8

1132; *Bitzan,* 916 F.3d at 717. Instead, plaintiff simply lists the individuals using generic titles and states the amount of money he seeks from him or her, which is insufficient to establish personal responsibility. *See Allen*, 5 F.3d at 1153.

Finally, this action cannot proceed against the individual defendants that are identified using only generic titles such as "CO1," "Sg," "Major," Captain," "FUM," "Lt," "Corizon Doctor," "Corizon RN," and "Corizon Med Tecs." An action may proceed against a party whose name is unknown if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). However, the instant complaint contains no such allegations. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

For all of the foregoing reasons, this action is subject to dismissal because it is frivolous and/or fails to state a claim upon which relief may be granted. It also appears this action is subject to dismissal because it is malicious. As noted above, this action is one of over one hundred and thirty (130) duplicative and meritless actions plaintiff has recently filed in this Court against the MDOC and its facilities, Corizon, and individuals identified by many of the generic titles that appear in the instant complaint. Plaintiff submitted the pleadings in bulk, and specified he intended each set of pleadings to be docketed as an individual civil action. It is therefore apparent that plaintiff initiated this action as part of a campaign of harassment through repetitive lawsuits, not with the intent of vindicating a cognizable right. *See Tyler*, 839 F.2d 1290 (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits, and also when it contains disrespectful or abusive language); *Spencer*, 656 F. Supp. at

461-63 (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *Cochran*, 73 F.3d at 1316 (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

Having considered the instant complaint and plaintiff's history of engaging in abusive litigation practices, the Court concludes it would be futile to direct him to file an amended complaint in this action. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is cautioned to avoid the practice of filing duplicative and meritless lawsuits.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis* in this action.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $5.42 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of  March, 2021.

_____
         HENRY EDWARD AUTREY
         UNITED STATES DISTRICT JUDGE

11